### MARIA ROHR v. HONRATH ALEXANDER.
#### No. 8954.

1. DELIVERY OF DEED—*possession of absolute deed, prima facie evidence of.* The possession by a grantee of a deed purporting to convey real estate, duly executed and acknowledged, and which is absolute in form, is *prima facie* evidence of a delivery which can be overthrown only by clear and convincing evidence.

2. ———— *certain facts held insufficient to overcome such prima facie evidence.* When a deed, so executed, is placed in the hands of the grantee without condition or restriction, the presumption arising from such possession will not be overcome by a statement of the grantor made some time before the execution of the deed expressing a purpose to make a deed to the grantee which in a certain contingency could be returned and destroyed, nor by the fact that the deed remained unrecorded for several weeks and until after the death of the grantor.

3. ———— *evidence examined and held sufficient to sustain finding of.* The testimony examined, and *held* to be sufficient to sustain a finding that the delivery of the deed in controversy was complete and that it effectually transferred the title to the land described therein.

*Error from Stafford District Court.*
*Hon. J. H. Bailey, Judge.*

AFFIRMED.                    OPINION FILED NOVEMBER 7, 1896.

*Hardy Sayre,* for plaintiff in error.
*Moseley & Dixon,* for defendant in error.

JOHNSTON, J.   This was an action by Maria Rohr to recover from Honrath Alexander real estate situate in Stafford County.   Prior to January 11, 1892, it was owned by Henry Rohr, and on the day mentioned, he signed and acknowledged an ordinary warranty deed purporting to convey the land to Alexander.   Rohr and Alexander had been partners in business, were intimate friends, and had roomed to-

gether. Rohr had been ill for some time and had received attention from Alexander. He was not confined to his bed, but was advised by his physician to go to California for the benefit of his health. On the day before the execution of the deed, he stated to William Dixon, who afterward prepared it, that he desired to dispose of his property before going to California, and that he had concluded to convey it to Alexander by deed. In the instrument of conveyance executed on the following day the consideration named is $17,000, but what, if any, consideration was actually paid is not shown by the record. He went to California and died there in the latter part of the same month, leaving neither wife nor issue. · Maria Rohr, who brought this action to recover the property, was the mother of Henry and is the sole heir at law of the deceased. Her claim is that the deed signed and acknowledged by Henry was never in fact delivered ; and further, that the instrument of conveyance was testamentary in character, and, not having been executed with the formalities required in a will, was void and transferred no interest to Alexander. The deed, however, is in the usual form, and no words of a testamentary character are contained in it. There is no testimony that Rohr intended to make a will at the time the deed was executed, nor did he give any directions indicating that he desired to have it delivered as a will.

The evidence as to his purposes in the transaction is very meager ; and the contention that the deed was not intended to convey a present interest rests only upon the testimony of William Dixon, who prepared the deed and before whom it was acknowledged. Some time before Dixon was asked to prepare the

deed he had a talk with Rohr in relation to the property, and Rohr then told him "That he would make the deed and give it to Alexander, and if he recovered his health the deed could be returned and destroyed." When Dixon was subsequently called upon to make the deed he was told by Rohr that he wanted to give the property to Mr. Alexander, and to proceed and execute the deed to him for that property. After the deed was prepared, and on the following day, Rohr delivered it to Alexander in the presence of Dixon, saying: "Put it away for safe keeping." He did not say that the deed was to be kept for him, nor that it was to be afterward returned to him. No conditions were then mentioned, nor anything said indicating a purpose to retain control and dominion of the instrument after it was handed to Alexander. The statement that he would make a deed, and that, if he recovered his health, it could be returned and destroyed, was made some time previous to January 10, but just how long before, or under what circumstances, does not appear. Nothing was said about the return or destruction of the deed when he came to make it, nor when it was delivered. Alexander was not present when he spoke of the return or destruction of the deed, and what negotiations were subsequently had between them is not disclosed. Although there was but little testimony as to the transfer, we think it is sufficient to sustain the decision of the trial court that the delivery was complete and the deed effective. The instrument was absolute in form, just such an one as is used to pass a present interest, and the placing of it in the hands of the grantee indicates that Rohr intended to

1. Possession under deed evidence of delivery.

2. Facts insufficient to overcome prima facie evidence.

divest himself of title.  Of course a delivery is essential, but the mere possession of the instrument by the grantee is *prima facie* evidence of delivery which can be overthrown only by clear and convincing evidence. *Johnston v. Winfield Town Co.*, 14 Kan. 396 ; *Richmond v. Morford*, 4 Wash. 337 ; Devlin, Deeds, § 294.   The possession of the deed being *prima facie* evidence of its delivery, the burden is thrown upon a party who questions the delivery.   The presumption arising from the possession is not overcome by the statments made by Rohr prior to the making of the deed, nor by the fact that it remained unrecorded until after his death. *McFall v. McFall*, 136 Ind. 622 ; *Blair v. Howell*, 68 Iowa, 619.   The deed itself furnishes some evidence that a consideration was paid ; but outside of the instrument there is some testimony tending to show an actual transfer of title and an unconditional delivery of the deed.   It remained in the possession of Alexander at all times after the delivery ; Rohr never asked for a return of the deed ; and there is nothing to indicate that he desired that it should be recalled.

3. Evidence sufficient to sustain finding.

As the case comes here it must be held that there is testimony sustaining the finding of the Court, and therefore its judgment must be affirmed.

All the Justices concurring.