(102 N. W. 313.)

---

WILLIAM F. LEONARD v. ROBERT L. FLEMING, OWEN T. REEVES AND J. L. LAVALLEY.

Opinion filed January 14, 1905.

**Date of Deed Is Presumed Correct, and Delivery Made on Such Date.**

1. A deed produced at the trial and offered in evidence by the grantee is presumed to have been delivered to such grantee on the day of its date, and its date is presumed to be the true date.

**Deed Delivered Before, and Recorded After, an Attachment, Prevails Over the Attachment.**

2. A purchaser of real estate at a sheriff's sale under attachment proceedings acquires no title as against a deed delivered before the levy of the attachment, but recorded after the attachment and before the judgment.

**Evidence — Declarations of Grantor.**

3. Declarations or admissions of a grantor, made after he has parted with the title, are not competent to defeat such title, where there is no evidence of fraud or conspiracy against creditors.

**Evidence — Fraud.**

4. Evidence considered, and *held* not to show fraud, and not to overcome the presumption that the deed was delivered as of its date.

Appeal from District Court, Barnes county; *Glaspell, J.*

Action by William F. Leonard against Robert L. Fleming and others. Judgment for defendants; plaintiff appeals.

Reversed.

*Young & Wright,* for appellant.

An unrecorded deed or mortgage prevails over a subsequent attachment. Kohn v. Lapham, 82 N. W. 408; Murphy v. Plankihton Bank, 83 N. W. 575; Bateman v. Backus, 4 Dak. 433, 34 N. W. 66; Roblin v. Palmer, 67 N. W. 949; Norton v. Williams, 9 Ia. 528; Plant v. Smythe, 45 Cal. 161.

Notice of lis pendens must state that the land described has been attached.    Buxton v. Sargent, 7 N. D. 503, 75 N. W. 811; McCarthy v. Speed, 80 N. W. 135; Smith v. Gale, 144 U. S. 509, 36 L. Ed. 521, 12 Sup. Ct. Rep. 674.

An attachment bond in a penal sum less than required by law is void, and cannot be amended.    Drake on Attachments, section 139 et seq., and section 146; 5 Enc. Pl. & Pr. 33.

The death of the defendant in attachment proceedings operates to dissolve the attachment and render void a subsequent judgment. Yankton Sav. Bank v. Gutterson, 90 N. W. 144; Meyers v. Mott, 29 Cal. 359, 89 Am. Dec. 49; Hensley v. Morgan, 47 Cal. 622; Day v. Superior Court of San Francisco, 61 Cal. 489; Ham v. Cunningham, 50 Cal. 365; Sweringen v. Eberius' Adm'r, 38 Am. Dec. 463; Franklin Bank v. Bathelder, 39 Id. 610; Black on Judgments, 199.

Such is the law in this state except as changed by statute.    Section 5434, Code of Civil Proc., 6469, 6470, 6471, Probate Code. Anheier v. Signor, 8 N. D. 499, 79 N. W. 983; Bunker v. Taylor, 83 N. W. 555; O'Neil v. Murray, 50 N. W. 619; Brettell v. Deffeback, 60 N. W. 167; McCormick Harvesting Mach. Co. v. Snedigar, 53 N. W. 83.

A judgment against a person, who is dead before completion of service upon him, is void and subject to collateral attack. Kager v. Vickery, 49 L. R. A. 153; Hodgson v. McKinstry, 42 Pac. 929; Kansas, O. & T. Ry. Co. v. Smith, 19 Pac. 636; Rice Co. Comm. v. Lawrence, 29 Kan. 158; McLaughlin v. State, 17 Kan. 283; Richards v. Thompson, 43 Kan. 209, 23 Pac. 106; McCullock v.

Norwood, 58 N. Y. 562; Coleman v. McNulty, 57 Am. Dec. 229; Reid v. Holmes, 127 Mass. 326; Danford v. Danford, 111 Ill. 236; Granes v. Ewart, 11 S. W. 971; Crosley v. Hutton, 11 S. W. 613; Williams v. Hudson, 6 S. W. 261; State ex rel. v. Tait, 18 S. W. 1088; Richards v. Thompson, 23 Pac. 106; McCormick v. Paddock, 30 N. W. 602; Jennings v. Simpson, 11 N. W. 880.

Declarations of a grantor after the date of his grant are not admissible to overcome his deed. 1 Am. & Eng, Enc. Law (2d Ed.) 685; Bump on Fraudulent Conveyances, section 599.

A party cannot prove or disprove title to land by his adversary's admissions of title or want of it. Walker v. Dunspaugh, 20 N. Y. 170; Clark v. Baird, 9 N. Y. 183; Terry v. Chandler, 16 N. Y. 354, 69 Am. Dec. 707n.

*Lee Combs,* for respondents.

A notice of lis pendens affects a purchaser with constructive notice of all that appears on the face of the pleadings when he takes his deed, and such as inquiry pursued with diligence would bring to his knowledge. Jones v. McNarrin, 68 Me. 334, 28 Am. Rep. 66; Tilton v. Cofield, 93 U. S. 163, 23 L. Ed. 858; Lewis v. Quinker, 59 Ky. 284; Amer. Exchange Bank v. Andrews, 59 Tenn. 306; Center v. Planter's & Merchant's Bank, 22 Ala. 743; Allen v. Poole, 54 Miss. 323.

The alleged deed was never delivered or accepted by the parties thereto, and no interest in the land passed to plaintiff. Hulick v. Scovil, 9 Ill. 159; Church v. Gilman, 15 Wend. 656, 30 Am. Dec. 82.

The statutory presumption, that a deed was delivered on the day of its date, cannot prevail when the deed was executed in another state, as there is no presumption that the statutes of one state are the same as those of another. Murphy v. Collins, 121 Mass. 6; Downs v. Minchow, 30 Ala. 86; Gordon v. Ward, 16 Mich. 360; Rohan Bros. Boiler Mfg. Co. v. Richmond, 14 Mo. App. 595; Rundy v. Rio Grande W. Ry. Co., 8 Utah 165, 30 Pac. 366.

The presumption that a deed was delivered at the time of its date may be rebutted. Cain v. Robinson, 20 Kan. 456; Cutts v. York Mfg. Co., 18 Me. 190; Baning v. Edes, 6 Minn. 402.

Registering a deed is not a delivery unless it appears that the grantee knew of it and assented thereto. Alexander v. Dekermel, 81 Ky. 345; Maynard v. Maynard, 10 Mass. 456, 6 Am. Dec. 146; Deere v. Nelson, 34 N. W. 809; O'Connor v. O'Connor, 100 Ia. 476, 69 N. W. 676; 1 Dembitz on Law of Titles, 362.

Defendants' adverse possession for ten years and payment of taxes by them for that period, made them absolute owners of the land. The possession of their vendees was the possession of the defendants. Schneller v. Plankinton, 12 N. D. 562, 98 N. W. 77; Whitney v. Wright, 15 Wend. 171; Jackson v. Johnson, 5 Cow. 74, 15 Am. Dec. 433; Hale v. Gladfelder, 52 Ill. 91.

Taxes may be paid by claimant or on his behalf. J. B. Streeter, Jr., Co. v. Frederick, 11 N. D. 300, 91 N. W. 692; Timmions v. Kidwell, 27 N. E. 756; Dawley v. Van Court, 21 Ill. 460; Fell v. Cessford, 26 Ill. 525.

Failure to file sufficient undertaking in attachment does not render the attachment void except as to the defendant in the attachment case. O'Farrell v. Stockman, 19 Ohio St. 296; Kemps, Lessee, v. Kennedy, 5 Cranch 173; Baxter v. Smith, 4 Pac. 35.

An attachment is a proceeding in rem, and if defendant dies before service is complete a judgment may be rendered against him, and it cannot be attacked collaterally. French v. Baker, 21 Ill. App. 432; Oswald v. Kampmann, 24 Fed. 36; Thacker v. Chamber, 24 Tenn. 313, 42 Am. Dec. 431; Harrison v. Pender, 57 Am. Dec. 573; Lowber & Willmar's App., 42 Am. Dec. —02; Yaple v. Titus, 41 Pa. St. 195; Jennings v. Simpson, 11 N. W. 880; Day v. Goodwin, 73 N. W. 864; Gulickson v. Bodkin, 80 N. W. 783; Hahn v. Kelly, 34 Cal. 391.

A ten-year-old judgment cannot be attacked collaterally, where there has been no motion to vacate or modify it and no good reason has been shown for the failure to do so. Campbell v. Jones, 52 Ark. 493, 12 S. W. 1016; Stocking v. Hanson, 22 Minn. 546; Beach v. Reynolds, 53 N. Y. 1.

MORGAN, C. J. Action to determine adverse claims to 160 acres of land situated in Barnes county. Plaintiff alleges in the complaint that he is the absolute owner thereof, and that the defendants claim it adversely to him. The plaintiff and the defendants claim the title from a common source. The plaintiff claims title and the right to possession through a warranty deed from George W. Toms and wife, dated on November 4, 1892, acknowledged on November 8, 1892, and recorded on January 17, 1893. The defendants claim ownership by virtue of a sheriff's deed dated August 2, 1894, based upon attachment proceedings in an action commenced against George W. Toms, plaintiff's grantor, by one Compton, and levied upon the land on December 10, 1892. Plaintiff's grantor was a

nonresident of the state, and service is claimed to have been made upon him by the publication of the summons. Toms died on January 21, 1893, before the last publication of the summons was made. Judgment was rendered against the defendant on March 10, 1893, for the recovery of the sum claimed to be due; but the judgment provided that it was a judgment in rem, and to be enforced by the sale of the land attached only. There was no substitution of the personal representatives of Toms after his death. Whether this judgment was a valid judgment, and whether a sale thereunder operated to divest Toms' interest in the land, if any he had when the attachment was levied, we need not determine, as the merits are disposed of on another ground. The trial court found that the plaintiff has no interest in the land in suit, and that the defendants Fleming and Reeves are the owners thereof by virtue of the sheriff's deed issued to Fleming, and his subsequent conveyance to Reeves of an undivided one-half interest therein. The trial court also found that the defendants were the owners of this land by reason of the actual and open possession thereof for ten years, under the provisions of section 3491a, Rev. Codes 1899. Plaintiff appeals from a judgment dismissing his action, and demands a review of the entire case, under section 5630, Rev. Codes 1899.

The defendants contend that plaintiff's deed was not delivered, and, if delivered at all, not until after the attachment was levied, and consequently conveyed no title as against the attachment proceedings under which the land was sold to the defendant Fleming. The deed was produced by plaintiff at the trial, and offered in evidence by him. There is no evidence as to the time of delivery except the recitals of the deed. The fact of the making and delivery of the deed is not made an issue by the pleadings. The answer admits the delivery of the deed in express words, as follows: "Further answering, these defendants allege that said conveyance referred to was executed and delivered at a time when said Toms had no interest in or lien upon said property, and at a time when said Toms was not in possession of said real estate, and when he had not received the rents and profits thereof for more than one year prior to the execution and delivery of said purported conveyance." Under such an allegation, defendant is concluded from now asserting that there is no proof of the fact of delivery.

The time of the delivery of the deed is not shown by independent evidence. This fact is not of controlling importance. The statute provides that "a grant duly executed is presumed to be delivered at

its date." Section 3516, Rev. Codes 1899 (section 3230, Comp. Laws). In the absence of evidence to overthrow the presumption of delivery as of the date of the deed, the deed speaks for itself, and determines the time of delivery. The statute also settles the question of the correctness of the date of the deed. The presumption is that the deed is truly dated. Subdivision 23, section 5713c, Rev. Codes 1899. These statutory provisions are declaratory of what was the law before they were enacted. "It may be stated as a general rule that prima facie all documents must be taken to have been made on the day they bear date. * * * So a deed is presumed to have been executed (Anderson v. Weston, 6 Bing. N. C. 296) and delivered on the day it is dated." Best on Presumptions, section 133, p. 181; Jones on Evidence, section 45; Ward v. Dougherty, 75 Cal. 240, 17 Pac. 193, 7 Am. St. Rep. 151.

Counsel for defendants insists that the law of this state in reference to the presumption of delivery does not apply to this deed, as it was executed in the state of Missouri. The contention is of no force. The presumption is that the law of a foreign state is the same as the common law, in the absence of a showing as to what the foreign law is. Subdivision 41, section 5713c, Rev. Codes 1899.

It is insisted that the presumption that the deed was delivered on the day of its date has been overcome by the plaintiff's declarations and conduct concerning the land and the title thereto after it was executed and delivered. Such contention is based upon the fact that plaintiff, while acting as one of the three executors of the last will of George W. Toms, signed and verified the inventory of said estate, in which was included the land in question. It is claimed that the listing of this land in the inventory subscribed by the plaintiff, as executor, overcomes the presumption that the deed was delivered on the day of its date. We are agreed that the proof was not admissible under the allegations of the answer. If the inventory or the verification thereof was competent evidence in this case, it tends to show only that there was no delivery during the grantor's lifetime. The admissions in the answer render the evidence inadmissible. The plaintiff had the right to go into court for trial, relying on the fact that the delivery of the deed was admitted for all purposes. If the inventory, with the attached verification, be given full effect, it does not show a delivery at a time different from its date, but it simply tends to show that it was not delivered at all during the grantor's life. Under the evidence in this case, a delivery after Toms' death would not be effectual for any purpose.

The allegations of the answer must be construed as admitting a delivery during the life of the grantor, and the ·contents of the inventory tending to show otherwise are not admissible and are irrelevant under the allegations of the answer. No delivery of the deed would be effectual in this case after death; hence the allegations of the answer can refer only to a delivery by the grantor in his lifetime.

It is also claimed by the defendants that the presumption that the deed was delivered on the day of its date has been rebutted by the statements in a certain letter written by plaintiff to one Wije on April 22, 1902, concerning the land in question. This letter was an answer to one written him by Wije. The contents of the Wije letter are not given in the record. What it contained is therefore not before us; hence the effect of plaintiff's answer as admissions is not clear. He stated in his letter: "I have been unable to find any record of the mortgage referred to and do not like to execute deed without some further information as to the facts in the case, although I presume they are as stated by you. If you will forward me the abstract of title of this land showing disposition of the mortgage and clear chain of title to the present owner of same, I will give the matter prompt attention and return all papers with executed deed, if I find no objection to making same." There is nothing in this letter to show that plaintiff's deed was never executed or delivered. If it did contain such an admission, it would be inadmissible under the admissions of the answer. What has been said in respect to the contents of the inventory is applicable also to this letter. Neither of them can be given any weight to prove nondelivery of the deed in view of the answer.

It is claimed that defendants' title to the land is valid by virtue of the provisions of section 3491a, Rev. Codes 1899, providing that all titles to real property vested in any person who has been in the "actual open, adverse and undisputed possession" of the land under such title for ten years, and shall pay all taxes legally levied on such land during such time, are declared good and valid in law. Two valid grounds exist to answer this contention: (1) The deed under which the defendants claim was not executed until August 2, 1894, less than ten years before this action was commenced. It is true that the land was sold on April 21, 1893, and a certificate of sale issued to the defendant Fleming. But such certificate vested no title in the purchaser not subject to redemption within a year after sale. The right to the possession of the land did not follow,

as a matter of law, in favor of the purchaser at the sale, and there is no evidence that possession was actually taken thereunder. (2) There is no evidence that the defendants, personally or by tenants or grantees, were in the actual possession of the land for ten years before the commencement of this action. The defendant, claiming under the sheriff's deed, and his grantee of an undivided one-half interest in the land, were at the time of the sale, and ever since have been, nonresidents of the state, and have never been in the actual possession of the land. At the time of the sale, and for some time thereafter, the land was wild, uncultivated land, with no one in actual possession thereof. There is a total failure to show actual possession for ten years, and the finding of the district court of that fact is entirely without evidence to sustain it.

Defendants claim that they, having attached the land in the Compton-Toms action before plaintiff's deed was recorded, and without notice of plaintiff's claim to the land, are entitled to the land under such sale, as innocent purchasers thereof. The sections of the Compiled Laws then in force, and controlling of this question, are as follows:

"Section 3293. Every conveyance of real property other than a lease for a term not exceeding one year, is void as against any subsequent purchaser or incumbrancer, including an assignee of . a mortgage, lease or. other conditional estate, of the same property, or any .part thereof, in good faith and for a valuable consideration, whose conveyance is first duly recorded.

"Section 3294. The term 'conveyance,' as used in the last section, embraces every instrument in writing by which any estate or interest in real property is created, aliened, mortgaged or incumbered, or by which the title to any real•property may be affected, except wills, executory contracts for the sale or purchase of real property, and powers of attorney."

"Section 4897. In an action affecting the title to property, * * * or whenever a warrant of attachment of property shall be issued * * * the plaintiff * * * may file for record with the register of deeds * * * a notice of the pendency of the action * * * and every person whose conveyance or incumbrance is subsequently recorded, shall be deemed a subsequent purchaser or incumbrancer and shall be bound by all the proceedings taken after the filing of such notice, to the same extent as if he were a party to the action."

A notice of lis pendens was filed by the plaintiff when the action in which the attachment was levied was commenced. We are satisfied that the attachment proceedings which culminated in the sheriff's deed have no effect as against the plaintiff's deed, although it was recorded subsequently to the attachment; and this, conceding that defendants had no notice thereof. The attachment is effective only as against the defendants' interest in the land when levied. The title had vested in this plaintiff before the attachment was levied. An attachment creditor is not a purchaser or incumbrancer, within the meaning of these sections. Plaintiff's title was perfected before the lis pendens was filed, and its record could not affect it. The lis pendens affects those acquiring interests after its filing, and not those acquired prior thereto. The attaching·creditor gets only the interest of the defendant in the attached property, and such interest, having been conveyed prior to the attachment, was beyond its reach in cases like the one under consideration. As stated by the court in Kohn v. Lapham et al. (S. D.) 82 N. W. 408: "If plaintiff was in fact a purchaser or incumbrancer in good faith and without notice, he might, under section 3293, Comp. Laws, acquire a title superior to the title of the party whose deed is not recorded; but an attaching creditor is not a purchaser or incumbrancer in good faith and without notice, as he comes in under the defendant in the attachment suit, and simply acquires the title that such defendant had at the time the attachment proceedings were instituted." See, also, Roblin v. Palmer, 9 S. D. 36, 67 N. W. 949; Bateman v. Backus, 4 Dak. 433, 34 N. W. 66; Lamont v. Cheshire, 65 N. Y. 30; Norton v. Williams, 9 Iowa, 528; Plant v. Smythe, 45 Cal. 161; Drake on Attachment (6th Ed.) section 223.

It is further claimed that the deed was executed with intent to defraud creditors. Conceding that the defendants are entitled to raise this question, we find such claim entirely unfounded, under the evidence. The trial court made no finding on this question, and the defendants did not allege it to be fraudulent in their answer. This deed is attacked in the answer as void upon other grounds, and its fraudulent character is not there alleged in any way. Under these circumstances, a narration of the evidence relied on would not be useful for any purpose. It is sufficient to state that we have carefully considered it, and find that it wholly fails to establish a fraudulent transaction. The presumption that the transfer was made in good faith has not been overcome. To hold that fraud has been

shown in this record would be to presume fraud, which is contrary to the presumption in such cases.

It is claimed that Toms, the grantor in the deed to the plaintiff, made admissions after the deed was executed and delivered, and after the attachment was levied, to the effect that he was the owner of the land, and that such admission should be considered as overthrowing the presumption that the deed was delivered as of its date. These alleged declarations or admissions are not admissible under the answer, showing a delivery of the deed. Such declarations are not admissible to defeat the grantee's title when made after the grantor has parted with the title and possession of the property. If such admissions be competent to defeat a deed duly delivered, no security could be given to deeds, as they would overthrow such deeds when offered, as in the case when the person making them had no interest in upholding his former title. Jones on Evidence, section 242, and cases cited. In this case, as we have seen, there was no evidence of fraud in the execution of the deed. Hence such declarations are not admissible under the rule allowing such declarations in evidence to show fraudulent intent in a conveyance, or to show a conspiracy to defraud.

The judgment is reversed, and the district court directed to order judgment in accordance with the prayer of the complaint, except that no damages are allowed. All concur.