CATHERINE CALE and John Becker, Appellants, v. PHOEBE C. WAY, Respondent.

(179 N. W. 921.)

**Deeds — evidence held to show delivery.**

As the heirs of Frederick Becker, deceased, the plaintiffs and appellants claim some title to a quarter section of land which, about a year prior to his decease, Becker conveyed to his sister, the defendant.  She did not record the deed or take possession of the land until after the decease of the grantor, and there is some evidence that she had in her mind a secret purpose to give back the title to her brother in case he should survive her.  Hence it is contended that the delivery of the deed was conditional, and not effectual.  However, the clear, positive, and uncontradicted testimony shows that the delivery of the deed was absolute, and not conditional.

Opinion filed October 29, 1920.

Appeal from the District Court of Ramsay County, Honorable *A. G. Burr,* Judge.

Affirmed.

*Adamson & Thompson* and *Rollo F. Hunt,* for appellants.

A deed executed by a wife to her husband, and delivered to him upon the understanding that it was not to be recorded unless the husband survived the wife, was not delivered so as to pass title.  Elliott v. Murray, 225 Ill. 107, 80 N. E. 77; Bigley v. Sawyer (Mich.) 8 N. W. 98.

To constitute delivery of a deed it is not sufficient that there be a mere delivery of its possession, but this act must be accompanied with the intent that the deed shall become operative as such. 2 Boone, Real Prop. § 295a; Black v. Sharley, 104 Cal. 281, 37 Pac. 939; Denis v. Velati, 96 Cal. 227, 31 Pac. 1; Harris v. Harris, 59 Cal. 622.

*Cuthbert, Smythe, & Wheeler,* for respondent.

A delivery of a deed to the grantee upon a condition not expressed therein was held to be an attempt to deliver the deed in escrow; and as such delivery cannot be made to the grantee, it was further held that the title passed absolutely. Wipfler v. Wipfler (Mich.) 16 L.R.A. (N.S.) 943; Thomas v. Singer Sewing Mach. Co. 117 N. W. 156.

If by the terms of the instrument the right of the interest passes at once, subject to a contingency over which the grantor has no control, it is a deed, and irrevocable, even though the enjoyment of the thing is postponed until his death. Pentico v. Hays, 9 L.R.A.(N.S.) 224 and note (Kan.) 88 Pac. 738; Crocker v. Lowenthal, 83 Ill. 579; Munro v. Bowles, 187 Ill. 346, 54 L.R.A. 865 and note; Dickson v. Miller (Minn.) 145 N. W. 112; Wickerlund v. Lindquist (Minn.) 113 N. W. 631 (N. B. In this case the court determined the action on the testimony of the attorney drawing the deed); Haeg v. Haeg (Minn.) 53 N. W. 1114.

Robinson, J. This is an action to determine adverse claims to a quarter section of land in Ramsey county. The plaintiffs and appellants aver that they have an estate and interest in the land, without in any way disclosing the nature of their title. The defendant by answer avers that she is the owner in fee simple of the land under a deed of conveyance made to her on April 25, 1917, by Frederick Becker, the owner of the land. It was stipulated that at the time of the making of the deed Frederick Becker was the owner of the land and a brother of the plaintiffs and the defendant; that he died on October 25, 1918.

The plaintiffs claim title as the heirs of Frederick Becker, and the defendant claims title as his grantee. The case presents no question only on the delivery of the deed. The plaintiffs contend that the delivery was conditional, and not effectual, because the grantee did not record her deed or take possession of the land till after the decease of her brother, the grantor, and because of a secret intent to give back

the title to the grantor in case he should survive the defendant. As the evidence shows beyond any dispute, she did not take possession of the land or record the deed until after the death of the grantor; and it may well be inferred and conceded that she had in her mind a secret purpose to give back the land to her brother in case he should survive her; but that was merely her own thought, and it was in no manner communicated to her brother, and it did not in any manner affect her title to the land. The grantor made the deed in good form, granting the land to the defendant, her heirs, and assigns forever. Excepting the printed form, the deed is written with pen and ink. It is signed by two witnesses and duly acknowledged. As the testimony of attorney Henry G. Middaugh shows, he was long intimately acquainted with the parties. He drew the deed; it was signed and acknowledged and delivered in his presence. Becker turned to his sister, saying, "Here is the deed," or words to that effect, and she took it and kept it,—and such is the testimony of Mrs. Way, and it stands uncontradicted. Hence, there is no reason for spinning out a lengthy discussion.

Judgment affirmed.

CHRISTIANSON, Ch. J. (concurring). I concur in the opinion prepared by Mr. Justice Robinson. The only question presented, either in the trial court or in this court, is whether there was in fact a delivery (within the contemplation of the law) of the deed under which the defendant claims title to the land in controversy.

Our statute provides: "A grant cannot be delivered to the grantee conditionally. Delivery to him or to his agent as such is necessarily absolute; and the instrument takes effect thereupon, discharged of any condition on which the delivery was made." Comp. Laws 1913, § 5497. The undisputed evidence is to the effect that Frederick Becker, after executing and acknowledging the deed, handed it over to the defendant, and that she ever since has retained it in her possession.

The trial judge filed a memorandum decision, wherein he reviewed the evidence, and arrived at the conclusion that the deed was in fact delivered unconditionally. In my opinion the decision of the trial court is clearly in accord with the weight of the evidence, and must be affirmed.