[File No. 6428.]

GORDON V. COX, as Executor of the Last Will and Testament of Nettie B. Friederici, Deceased, Respondent, v. CORA S. McLEAN, Appellant.

(268 N. W. 686.)

Opinion filed August 5, 1936.

*Charles L. Crum,* for appellant.

*H. F. O'Hare,* for respondent.

BURR, J.   The plaintiff, as the executor of the last will and testament of Nettie B. Friederici, who died February 5, 1929, seeks to quiet title to the real estate involved and to recover for its use and occupation. The defendant claims ownership by virtue of a deed executed by Nettie B. Friederici February 5, 1912, and recorded March 6, 1922.   Upon the death of the grantor the defendant took possession of the property and has remained in possession ever since.   The court found that the grantor never delivered the deed to the defendant "and never intended to make delivery or to part with the title to the premises described in the deed."

There is no question about the execution of the deed.   The certificate of acknowledgment is in the form prescribed by § 5574, Subdivision 1, of the Code (Comp. Laws).   A certificate of acknowledgment, regular on its face, is presumed to state the truth, and proof to overcome it must be very strong and convincing.   Severtson v. Peoples, 28 N. D. 372, 148 N. W. 1054.   No attempt is made to impeach the execution of the deed.

The deed contains the customary provision, that the grantee "grants" unto the defendant the property described, "To have and to hold the same   .   .   .   forever," and that the grantor will warrant and defend "the above bargained and granted lands and premises in the quiet and peaceable possession of said party of the second part, her heirs and assigns, against all persons lawfully claiming or to claim the whole or any part thereof.   .   .   ."

There is no testimony regarding delivery of the deed except the testimony of L. W. McLean, the husband of defendant and the only surviving witness to the deed.   The defendant was prevented from testifying on this point because of transaction being with the decedent. McLean testified that after the deed was witnessed and acknowledged, it was handed to the defendant; that when the deed was delivered to her the defendant told the grantor "to go ahead and take care of the property just the same as she had done because she would be away more or less and couldn't handle it and wanted her to take it and see that the insurance was kept up and repairs made, and collect the

rents if any for her. . . . Pay all the taxes and everything in connection with the property." He stated the grantor said she would and that the defendant told her "she would be privileged to live in the place if she wished to or with us, whichever she preferred." That she did live with the defendant for many years is well sustained by the evidence. There is nothing in the record whatever to show that this deed was ever out of the possession of the defendant from that time on.

The plaintiff contends that the facts and circumstances existing from the time of the execution of the deed show there never was any intention on the part of the grantor to deliver the deed.

After the execution of the deed the grantor rented the property from time to time to various tenants, collected the rents, ordered and paid for repairs, and otherwise exercised dominion over the property.

On October 1, 1928 the grantor herein made a will wherein she devised one of the lots involved to the husband of the defendant, and the remaining two lots to the defendant. In this will L. W. McLean was appointed executor.

On January 17, 1929 the grantor executed a second will wherein she devised one lot to Lester W. McLean, one lot to the defendant herein, and the other lot to Mrs. W. M. Scott, in whose home she was living at that time.

On March 11, 1929, when the second will was being offered for probate, McLean filed a petition against the probate of said will and tendered the first will for probate. There is nothing in this record to show the defendant knew of the attempt to probate the first will, and her husband, when interrogated as to why he offered the will for probate when his wife already had a deed to the property, testified that he had forgotten about the deed.

On March 28, 1929 McLean prepared a notice signed "Mrs. C. S. McLean, owner, by L. W. McLean, agent," directed to Mrs. Scott, requiring her to vacate the premises where she was living—this notice being served the same day. This is one of the lots involved.

The record shows that the grantor had been acquainted with the defendant from the time the defendant was a mere infant, that she had been a resident of the home in which the defendant was reared, and in later years she acted as a mother toward her and the relationship between the two women was extremely cordial and friendly.

We are not unmindful of the weight to be given to the findings of the trial court, even in equity cases, particularly where the trial court has seen the witnesses and is in position to determine credibility; but under the statute we try the case anew on the record made and form our own independent conclusion.

The instrument "grants" the property. The execution of the deed being proved by the acknowledgment, this "grant" of real estate "is conclusive against the grantor and everyone subsequently claiming under him," so far as this case is concerned. See § 5522, Comp. Laws. "A grant is to be interpreted in favor of the grantee," except as to reservation therein, or in the case of the public dealing with a private party. Comp. Laws, § 5504. There is no intimation in the record anywhere which purports to create a condition precedent to the taking effect of the "grant." Where a grant is duly executed, it "is presumed to have been delivered at its date." Section 5496, Compiled Laws. "The truth of the facts from a recital in a written instrument between the parties thereto" is conclusively presumed. Section 7935, subd. 2, Compiled Laws. The law presumes that a person owns the things which he possesses. Subd. 11, § 7936. "A deed produced at the trial and offered in evidence by the grantee is presumed to have been delivered to such grantee on the day of its date, and its date is presumed to be the true date." Leonard v. Fleming, 13 N. D. 629, 102 N. W. 308. Therefore, the presumption arises in favor of the defendant that she is the owner of this deed as it was in her possession for years before the death of the grantor, and also that it was delivered to her on the day of date. See Scobey v. Walker, 114 Ind. 254, 257, 15 N. E. 674; People v. Snyder, 41 N. Y. 397. Section 5497 of our Code provides, "A grant cannot be delivered to the grantee conditionally. Delivery to him or to his agent as such is necessarily absolute; and the instrument takes effect thereupon, discharged of any condition on which the delivery was made." See Meyer v. Russell, 55 N. D. 546, 576, 214 N. W. 857.

If the deed were delivered, then the title passed.

This deed came into the possession of the grantee at some time. There is no claim of duress, undue influence, or fraud in obtaining the deed. Before the presumption that a deed in the possession of the grantee was delivered to and accepted by the grantee is overcome, there must

be evidence to rebut the presumption and this must be clear and convincing. Rohr v. Alexander, 57 Kan. 381, 46 P. 699. See also Wright v. Wright (C. C.) 77 F. 795; McFall v. McFall, 136 Ind. 622, 36 N. E. 517; Malaney v. Cameron, 98 Kan. 620, 159 P. 19, 21; Kauffman v. Baillie, 46 Wash. 248, 89 P. 548, 551. It is not overcome because of failure to record. Central Trust Co. v. Stoddard, 4 Cal. App. 647, 88 P. 806; White v. Smith, 338 Ill. 23, 169 N. E. 817; Cragin's Estate, 274 Pa. 1, 117 A. 445; Chamberlain v. Larsen, 83 Utah, 420, 29 P. (2d) 355, 362; Giblin v. Giblin, 173 Wis. 632, 182 N. W. 357. The testimony of the surviving witness shows that it was delivered at the time it was executed. The extrinsic evidence shows the deed in the possession of the grantee. She recorded it and it was on record for seven years prior to the death of the grantor. The record is silent as to whether the grantor had actual knowledge of this record. There is no proof that she did not.

Regarding delivery the trial court must have rejected the testimony of the surviving witness. His testimony that the grantee permitted the grantor to use the property and control the rents does not in itself contradict his testimony in regard to delivery. A deed may be delivered so the title passes, and yet the grantor and the grantee agree the grantor may remain in possession. Such agreement is not inherently improbable. It must be remembered this was a transaction between friends; apparently a gift to the defendant from one who had been a mother to her for many years, and under these circumstances the defendant, who appears to be fairly well provided with this world's goods, could readily direct her nurse and friend to use the property the same as she did before. This did not affect the delivery.

Much is made of the fact that the deed was not recorded until about ten years after the date of its execution; but we have held already in Cale v. Way, 46 N. D. 558, 179 N. W. 921, that failure to record until after the death of the grantor, or failure to take possession until after the death of the grantor, does not destroy the effect of testimony showing delivery. See also Rohr v. Alexander, 57 Kan. 381, 46 P. 699, 700. Respondent cites the case of Johnson v. Cameron, 136 N. C. 243, 48 S. E. 640, as bearing on the intent of the grantor; but in the case cited the deed in question was found in the possession of the

grantor after the grantor's death and that fact itself might indicate there was no intent to deliver. The case of McClintick v. Ellis, 87 Okla. 75, 209 P. 403, cited by the respondent, is not in point because there is nothing in this case indicating that any delivery of the deed to the grantee was intended merely as a deposit, or as a testamentary disposition. It is true the question of delivery is a question of intent primarily; but possession of the deed presumes a situation which must be rebutted, and where the manual giving of the deed to the grantee is otherwise unexplained, the law presumes the grantor intended a delivery of the deed so as to pass title.

If the testimony of McLean is rejected entirely, the plaintiff has offered no proof to overthrow the presumptions of law which surround the execution and possession of the instrument. But we see no good reason for rejecting his testimony as to delivery. All the facts and circumstances detailed by the witness are in harmony with his testimony as to the agreement and direction regarding dominion. The judgment is reversed and judgment ordered for the defendant.

MORRIS, J., and ENGLERT, MILLER and GRONNA, Dist. JJ., concur.

BURKE, Ch. J., and CHRISTIANSON and NUESSLE, JJ., deeming themselves disqualified, did not participate, Hon. M. J. ENGLERT, Judge of the First Judicial District, Hon. A. J. GRONNA, Judge of Fifth Judicial District, and Hon Harvey J. MILLER, Judge of the Sixth Judicial District, sitting in their stead.