**STATE of North Dakota, Plaintiff and Respondent,**

v.

**Selma HEASLEY and Fay E. Heasley, Defendants and Appellants.**

No. Cr. 321.

Supreme Court of North Dakota.

April 26, 1965.

Helgi Johanneson, Atty. Gen., Bismarck, and Clinton R. Ottmar, State's Atty. of Stutsman County, Jamestown, for plaintiff and respondent.

Leo J. Beauclair, Valley City, for defendants and appellants.

RAY R. FRIEDERICH, District Judge.

The defendants, Fay and Selma Heasley, husband and wife, were arrested on the 10th day of April, 1963, on a charge of buying or procuring a pretended title to certain lands in Stutsman County, North Dakota, in violation of Section 12–17–14, North Dakota Century Code. They were tried before a jury in the County Court of Increased Jurisdiction and found guilty as charged. This appeal is taken from the judgment on the verdict.

Prior to the arrest, defendants were engaged in extensive litigation in the U. S. District Court for the District of North Dakota (Southeastern Division). This action culminated in the foreclosure by the United States of America of a tax lien upon the real property involved in this action and a judicial sale of the property confirmed by the U. S. District Court on April 8, 1960. The purchasers under the foreclosure sale

were put into possession of the premises and have received the rents, profits, and proceeds from the premises since that time. The lien of the Federal Government was declared paramount to all other liens or encumbrances upon the property, including real estate taxes levied and assessed by Stutsman County. During the course of litigation in Federal Court, tax title proceedings by the County were completed to show title in the County for nonpayment of real estate taxes for the year 1955.

The appellant Selma Heasley acquired a tax deed to the premises from Stutsman County on the 21st day of March, 1961, and, on the 21st day of March, 1963, she executed a warranty deed conveying this property to herself and her husband, Fay E. Heasley, in joint tenancy. It is this last deed which is the basis of the criminal action.

Four specifications of error are set forth in the appeal:

1. The complaint against the defendants is defective for the reason that complainant lacked an understanding of the nature of the offense alleged and the facts surrounding the complaint;

2. The complaint failed to adequately advise defendants as to the nature of the offense with which they were being charged;

3. The verdict was not supported by the evidence; and

4. The trial court had no jurisdiction in the case.

Whenever the jurisdiction of a court is challenged, it would seem logical that this should be the first issue to be considered on appeal. Specifically, appellants contend that the lower court was without jurisdiction because the crime, if any, was not committed in Stutsman County, the county in which the venue of the criminal action was laid.

■ It is admitted by the State that the deed in question was prepared, executed, and acknowledged in the office of an attorney in Valley City, Barnes County, North Dakota, on March 21, 1963. While memories were somewhat hazy on the question of delivery of the deed, it was testified by the Register of Deeds of Stutsman County that, according to his recollection, the deed was handed to him for recording by one of the grantees, Fay E. Heasley. To this same effect was the testimony of the grantor, Selma Heasley, and others. No testimony to the contrary was offered by the State. The deed having been in the possession of the grantee Fay Heasley at the time it was presented for recording on the day following its execution, the presumption arises, in the absence of evidence to the contrary, that it was delivered on the date it was executed and acknowledged. Sec. 47–09–06, N.D. C.C.; Leonard v. Fleming, 13 N.D. 629, 102 N.W. 308; Cox v. McLean, 66 N.D. 696, 268 N.W. 686; McMillen v. Chamberland, 71 N.D. 65, 298 N.W. 767.

In a prosecution for voluntarily becoming interested individually in a contract entered into by the defendant in his official capacity as a State official, this court, in State v. Robinson, 71 N.D. 463, 2 N.W.2d 183, at page 191, 140 A.L.R. 332, stated:

"We have been unable to discover any authority upon the question of venue of the prosecution of a crime such as is charged in the information and none has been cited by either party. Despite that fact, we do not find the question here presented to be at all difficult. It is readily disposed of under the general law applicable to the venue and jurisdiction of criminal actions. The basic question is where was the crime committed. If it was committed in McLean County the District Court of Burleigh County has no jurisdiction. If it was committed in both counties, then under section 10505, either county has jurisdiction. As a general rule it may be said that a crime is committed in a county when the criminal act, its object and purpose, is completed within that county."

The "object and purpose" of the criminal act, as defined in Section 12–17–14, North Dakota Century Code, is the "buying," "selling," or "in any manner procuring" of a pretended right or title to land. What was said in the Robinson case is equally applicable in the instant case. If the crime charged was committed at all, it was accomplished by the grantor in the execution and delivery of the deed, and by the grantees in the payment of a consideration and the acceptance of that deed. These acts constitute the elements of the crime.

A careful examination of all evidence in the case does not affirmatively establish the commission of any of these elements of the alleged crime in Stutsman County. The most that may be said is that the evidence establishes the recording of the deed in Stutsman County, where the land is located, which is neither a crime in itself nor an element of the crime defined by Section 12–17–14, North Dakota Century Code. An Oklahoma case which, for all practical purposes, is identical to the one here before the court in facts and in the issues as they pertain to venue and jurisdiction, is Bray v. State, 35 Okl.Cr. 37, 247 P. 415. After citing the Oklahoma statute making it a misdemeanor to convey lands or tenements, or of any interest or estate therein, by any person not in possession and while subject to litigation, the court said:

"From an inspection of this section of the statute, it is obvious that the taking of the conveyance under the conditions inhibited therein constitutes the offense. It is complete when the instrument of conveyance is executed and delivered. The subsequent placing on record of the conveyance is not made any part of the offense. So it follows that, when the deed of convey-ance was executed and delivered in Oklahoma county, if the conditions forbidden by the statute then obtained, the offense was complete and the conveyance was in that county. The subsequent transmitting and recording of the instrument of conveyance in Pontotoc county did not give the court of that county jurisdiction of an offense committed in Oklahoma county. The Legislature has not attempted to confer jurisdiction for such an offense on the court of the county where the conveyance is recorded or where the land is situated, and under the section of the statute above quoted it is probably not in the power of the Legislature to invest such county with jurisdiction."

The State having failed to sustain its burden of establishing that all elements of the crime alleged, or a part thereof, were committed in Stutsman County, the jurisdictional requirements for prosecution in that county are lacking. Upon such a determination, it is deemed unnecessary to consider any other specification of error enumerated in the appeal.

The verdict of the County Court of Increased Jurisdiction of Stutsman County is set aside, with instructions to that court to dismiss the action as to each of the defendants.

BURKE, C. J., and ERICKSTAD and TEIGEN, JJ., concur.

STRUTZ, J., did not participate, Honorable RAY R. FRIEDERICH, District Judge, sitting in his stead.

KNUDSON, J., not having been a member of this Court at the time of the submission of the case, did not participate.