**STATE of North Dakota, Plaintiff and Appellant,**

v.

**Cletus R. YORK, Jr., Defendant and Appellee.**

Cr. No. 863.

Supreme Court of North Dakota.

Nov. 17, 1982.

John P. Van Grinsven III, Asst. State's Atty., Minot, for plaintiff and appellant.

Richard B. Thomas, Minot, for defendant and appellee.

SAND, Justice.

The State of North Dakota appealed from a district court order dismissing the criminal information against the defendant, Cletus R. York, Jr. (hereinafter referred to as defendant or York).

On 23 August 1981 York, a resident of the Minot Air Force Base in Ward County, North Dakota, reported to law enforcement personnel that his 1980 Ford Pinto automobile was stolen. York informed law enforcement personnel that the doors to the

automobile were locked, that he had possession of the keys to his automobile, and that some stereo equipment was in the car at the time of the theft.

On the same day, York's completely burned automobile was located in Renville County, North Dakota. There were no signs of forced entry into the automobile, both doors of the automobile were locked, the steering column was in a locked position, and the stereo equipment was not in the automobile.

These suspicious factors led to investigation by law enforcement personnel which established that York solicited two fellow-airmen, Kirk Clark and Jerry Colwell, to burn his car. This solicitation apparently took place at the Minot Air Force Base, Ward County, North Dakota, on 23 August 1981. A statement given by Colwell established that York had indicated that he wanted the car burned so that he could collect the insurance proceeds for its loss. Colwell also indicated that the stereo equipment had been removed from the automobile prior to its destruction and that these items were located at Colwell's residence at the Minot Air Force Base.

Further investigation revealed that York owed approximately $4,611.00 on the automobile and that an application for insurance proceeds for the loss of the vehicle had been made with Allstate Insurance Co. The application was made with Allstate by York's father, Cletus R. York, Sr., after the elder York was contacted by his son.

Cletus R. York, Jr., was formally charged in Ward County with criminal attempt. The criminal information charged as follows:

"... the Defendant, Cletus R. York, Jr., intentionally engaged in conduct which, in fact, constituted a substantial step towards the commission of a crime, to-wit, the defendant planned and arranged with Jerry Colwell and Kirk Clark for the destruction by fire of a 1980 Ford Pinto automobile in Renville County, North Dakota, and that after such loss in excess of $500.00, the defendant, Cletus R. York, Jr., initiated application for the expectation of payment of such insurance proceeds for said vehicle in an attempted theft of property. Said offense is a Class C Felony."

The defendant moved to dismiss the information on the grounds that the complaint and information did not comply with North Dakota Century Code § 29–05–01 and that the Ward County district court lacked jurisdiction and venue over the alleged offense.

The district court, after a hearing, granted the defendant's motion to dismiss. The court's oral statement [1] from the bench provided, in part, as follows:

"... I find that the Court is without jurisdiction in this matter. It is clear to the Court that this burning took place in the County of Renville and it was the destruction of an automobile by fire allegedly for the purpose of obtaining the insurance money on the car. That furnishes the basis for the complaint against and the arrest of Cletus R. York, Junior.

"Moreover, two other persons, a Mr. Colwell and a Mr. Clark, were arrested and pled guilty to charges stemming from the destruction of the vehicle by fire and were each given a two-year deferred imposition of sentence.

. . . . .

"The Court finds that the jurisdiction of an offense is the place where the act was completed and that is the county for jurisdictional purposes.

"This was a case of arson. The corpus delicti of an arson is the burning of the vehicle, without which there would be no crime. If anything falls short of having a crime shown, falls short where there is no corpus delicti, there, of course, is no offense. With this car the corpus delicti is the burning. There could be no crime without the burning. Therefore there

---

1. A memorandum opinion was also prepared which essentially followed the trial court's ruling from the bench.

could be no crime without the activity in Renville County; and therefore, that is where the completed act was and that any other steps, conversations, promises, conspiracies, purchasing of gas, whatever, those were not such steps outside of the county that would cause this Court to have venue because such of those activities took place in Ward County.

"This is not a crime where the activities could be venued in either county. I feel that the automobile was perhaps being driven from Ward County to Renville County for the purposes of burning. Nevertheless, the crime itself could only take place by the actual destruction or injury to the property by burning; and that was in Renville County."

An order for dismissal of the criminal information was entered and the State appealed.

The first issue we will consider is whether or not the Ward County district court has jurisdiction over the alleged offense set forth in the criminal information charging the defendant with criminal attempt of theft of property.

Rule 18 of the North Dakota Rules of Criminal Procedure, provides as follows:

"In all criminal prosecutions, the trial shall be in the county in which the offense was committed, except as otherwise provided by law or by these Rules."

North Dakota Century Code § 29–03–04 provides as follows:

"When a crime or public offense is committed in part in one county and in part in another, or when the acts or effects thereof constituting, or requisite to the consummation of, the offense occur in two or more counties, the jurisdiction is in either or any of said counties."

■ Under these provisions we must consider where the alleged crime was committed as well as the elements of the crime. If the alleged crime was committed entirely in Renville County, the Ward County district court has no jurisdiction; and if the alleged crime was committed entirely in Ward County, the Renville County district court has no jurisdiction. If the alleged crime was committed in both counties, then, pursuant to NDCC § 29–03–04, both counties have jurisdiction.

■ A crime is committed in a county when the criminal act, its object and purpose, is completed within that county. *State v. Heasley,* 134 N.W.2d 789 (N.D. 1965); *State v. Robinson,* 71 N.D. 463, 2 N.W.2d 183, 140 A.L.R. 332 (1942).

The defendant was charged with the criminal attempt of theft of property in initiating an application for the expectation of payments of insurance proceeds for the automobile in an attempted theft of property pursuant to NDCC §§ 12.1–06–01; 12.1–23–02.[2] These statutes, in substance, make

---

2. North Dakota Century Code § 12.1–06–01 provides as follows:

"1. A person is guilty of criminal attempt if, acting with the kind of culpability otherwise required for commission of a crime, he intentionally engages in conduct which, in fact, constitutes a substantial step toward commission of the crime. A 'substantial step' is any conduct which is strongly corroborative of the firmness of the actor's intent to complete the commission of the crime. Factual or legal impossibility of committing the crime is not a defense, if the crime could have been committed had the attendant circumstances been as the actor believed them to be.

"2. A person who engages in conduct intending to aid another to commit a crime is guilty of criminal attempt if the conduct would establish his complicity under section 12.1–03–01 were the crime committed by the other person, even if the other is not guilty of committing or attempting the crime, for example, be-

cause he has a defense of justification or entrapment.

"3. Criminal attempt is an offense of the same class as the offense attempted, except that: a. an attempt to commit a class A felony shall be a class B felony, and b. whenever it is established by a preponderance of the evidence at sentencing that the conduct constituting the attempt did not come dangerously close to commission of the crime, an attempt to commit a class B felony shall be a class C felony and an attempt to commit a class C felony shall be a class A misdemeanor."

North Dakota Century Code § 12.1–23–02 provides as follows:

"A person is guilty of theft if he:

1. Knowingly takes or exercises unauthorized control over, or makes an unauthorized transfer of an interest in, the property of another with intent to deprive the owner thereof;

2. Knowingly obtains the property of another by deception or by threat with intent to

it a crime to knowingly attempt to take the property of another by deception with intent to deprive the owner. Section 12.1-23-01(1), NDCC, establishes that the theft sections of Ch. 12.1-23 essentially include the offense of obtaining money or property by false pretenses, which includes filing a false insurance claim to obtain the benefits or proceeds of an insurance policy. See generally, Annot., 135 A.L.R. 1157 (1941). The definitions set forth in NDCC § 12.1-23-10 support this concept.

In this instance, the court's memorandum opinion, as well as the court's oral statement granting the motion to dismiss the criminal action on grounds of improper venue, indicates that the court concluded that the burning of the vehicle constituted the offense. However, part of the conduct which formed the basis of the complaint involved the efforts to obtain payments from the insurance company on the policy covering the vehicle on the grounds that the vehicle was stolen. Assuming no effort was made to collect the insurance proceeds, the charge of attempted theft of property could not have been commenced. The parties involved may or may not have been guilty of some other crime.[3]

As to the venue of the crime, attempted theft, we have before us only the evidence presented at the preliminary hearing, which consists primarily of hearsay evidence,[4] regarding the filing of the insurance claim. The question before us does not involve the guilt or innocence of the defendant. In order to obtain a criminal conviction, it is necessary to show that the elements of the crime have been committed and that the elements were committed within the territorial jurisdiction of the court in which the criminal charge is filed.

Our review is only to determine if the trial court committed error in dismissing the information on the grounds that the Ward County district court did not have jurisdiction over the alleged offense.

As pointed out earlier herein, the trial court erroneously concluded that the burning of the vehicle itself constituted the offense of attempted theft. The court reasoned that because the burning took place in Renville County the criminal charge should have been venued in Renville County and not in Ward County and therefore, dismissed it. Little or no evidence was introduced or considered in determining if the offense, or any part of it, took place in Ward County. While we are not in a position to make a positive, firm, legal conclusion that the offense, or a part of it, occurred in Ward County because of the insufficiency of evidence, we nevertheless conclude that the offense did not take place exclusively in Renville County. It is conceivable that the offense may have been committed part in Renville County and part in Ward County or elsewhere because of the activities that took place, which all related to the attempted offense of theft by filing a false claim for a stolen vehicle, which in reality was deliberately burned. Aside from the error in determining that the venue of the offense was where the car was burned, no evidence was presented as to the place where the offense did occur and that it did not occur in Ward County. Nevertheless, we are convinced that the court erred in dismissing the action on the erroneous concept that because the car was burned in Renville County the site of the offense was Renville County.

The evidence presented at the preliminary hearing established that the defend-

---

deprive the owner thereof, or intentionally deprives another of his property by deception or by threat; or

3. Knowingly receives, retains, or disposes of property of another which has been stolen, with intent to deprive the owner thereof."

**3.** If the owner of a vehicle were to take his automobile to a dump ground and burn it (assuming the owner complied with appropriate regulations), no crime would have been com-

mitted. But assume the same facts and add that the owner filed a claim for insurance claiming the automobile was either accidentally destroyed, stolen, or some other fabrication, then the owner would be guilty of a crime. The claim for insurance is the gravamen of the offense.

**4.** Hearsay evidence may be employed at a preliminary hearing. NDREv 1101(d)(3).

ant's father, Cletus R. York, Sr., filed a claim with Allstate Insurance Company to recover benefits because of the burning of the car. The testimony reflected that the defendant's father contacted the insurance company after his son contacted him. The record is unclear as to the exact content of the conversation between the defendant and his father. The testimony also established that the defendant lived at the Minot Air Force Base, which is located in Ward County. The evidence further suggested that the defendant contacted his father from the Air Force Base in Ward County.

We conclude evidence at the preliminary hearing establishes that the alleged crime, or at least a part the alleged crime, was committed, if it was committed at all, in Ward County in that the defendant contacted his father to place the insurance claim, and from the evidence presented at the preliminary hearing the contact was made from Ward County. See State v. Hastings, 77 N.D. 146, 41 N.W.2d 305 (1950). Therefore, the venue was properly placed in Ward County.

Accordingly, the order of dismissal dated 3 May 1982 is reversed and the matter is remanded to the district court.

ERICKSTAD, C.J., and PAULSON, PEDERSON and VANDE WALLE, JJ., concur.