(No. 19871.

MARY A. WHITE *et al.* Appellants, *vs.* RUTH KING SMITH, Appellee.

*Opinion filed December 20, 1929—Rehearing denied Feb. 12, 1930.*

E. J. LaMarre, and W. H. Dyer, for appellants.

Gower, Gray & Gower, and E. P. Harney, for appellee.

Mr. Chief Justice Farmer delivered the opinion of the court:

This suit was instituted by appellants, who are collateral heirs, and others interested, to set aside two deeds executed by Rachel E. Enos to appellee, Ruth Smith. One deed dated September 5, 1919, was for the home or town property where the grantor lived in the village of Aroma Park, Kankakee county, Illinois. The other deed was dated August 7, 1925, and was for a 123-acre farm located in the same county. Mrs. Enos died February 15, 1928, at the age of eighty-three years. What purported to be her last will, dated August 17, 1911, was admitted to probate April 3, 1928, but during the following August another will was found dated September 5, 1919. It was admitted to probate September 17, 1928, and the former will declared revoked and set aside. Mrs. Enos had no other real estate than that deeded to Mrs. Smith. She had little personal property, and her income was the rent from the 123-acre farm and a pension which she received as widow of a Civil War veteran. The theory of appellants' bill is that Mrs. Enos and Mrs. Smith sustained a fiduciary relation to each other and that the deeds to Mrs. Smith were the result of her dominating influence over Mrs. Enos, who was aged and alleged to be feeble in body and mind. After the pleadings were settled and a hearing had the court entered a decree dismissing the bill for want of equity. From that decree complainants perfected an appeal to this court.

We do not consider it necessary to discuss the evidence in detail. The record shows Mrs. Enos had raised Mrs. Smith from the time the latter was six years old, and they

had always lived together since then. At the time of Mrs. Enos' death Mrs. Smith was past thirty years of age. She had been married but was divorced from her husband. The relations between Mrs. Enos and Mrs. Smith were affectionate and friendly, and they do not appear to have ever disagreed about domestic, social or business matters. Mrs. Smith called Mrs. Enos "mother," and Mrs. Enos referred to her as her daughter and treated her as such. The evidence showed that while Mrs. Enos was alive Mrs. Smith performed a large part of the domestic work in the home and did many errands and services for Mrs. Enos, such as collecting for grain sold from Mrs. Enos' farm, receiving checks in her own name, paying taxes on the property, paying bills, purchasing supplies and collecting some insurance losses. None of these things, however, indicate any controlling influence of Mrs. Smith over Mrs. Enos. The latter was aged and somewhat infirm, but there is nothing to indicate that she ever let her business entirely out of her hands so that she surrendered its control to Mrs. Smith. The evidence does not show that Mrs. Smith procured the making of the deeds. Both instruments were placed on record. The deed to the town property was recorded in May, 1925, and that to the farm property on September 1, 1925. The relationship and kindred feeling existing between the two women did not, of itself, create a fiduciary relation requiring Mrs. Smith to prove that the deeds were executed without undue influence or with advice from third parties.

What constitutes a fiduciary relation—reposing confidence on one side and resulting superiority and influence on the other—has been discussed many times in decisions of this court which are cited by the parties and it need not be re-discussed. Appellants rely largely on *Hensan* v. *Cooksey,* 237 Ill. 620, *Seeberger* v. *Seeberger,* 325 id. 47, *Fish* v. *Fish,* 235 id. 396, and *McCord* v. *Roberts,* 334 id. 233. Where a fiduciary relation exists, the burden of proof

is upon the person obtaining the advantage to vindicate the bargain or gift by showing it was perfectly fair and reasonable in every respect. (*Dowie* v. *Driscoll,* 203 Ill. 480; *Jones* v. *Lloyd,* 117 id. 597.) The record does not show that Mrs. Enos was at any time enfeebled in mind. While age and disease had made inroads on her physical condition, yet until a few weeks before her death it was in no sense feeble. The weight of the proof discloses that she was capable of transacting business up to her final illness, which commenced about two or three weeks before her death. She moved around most of the time, transacted business when convenient, and at times when not convenient had Mrs. Smith attend to it for her. In 1927 she rode in an automobile to Grand Rapids, Michigan, 223 miles, and that visit was made less than a year before her death.

There was some evidence that Mrs. Enos tried to sell the farm after she made the deed, which was not resented by Mrs. Smith. This is said to be inconsistent with the fact that she had deeded the farm to Mrs. Smith. It might have been and it might not. We do not consider it controlling at all. These two ladies lived together and so far as the proof shows had no disagreements of any consequence. The acts and conduct of Mrs. Smith toward Mrs. Enos were no more than might be expected from a foster-daughter to her foster-mother while they were living in the same family. (*Bishop* v. *Hilliard,* 227 Ill. 382; *Roche* v. *Roche,* 286 id. 336; *Scates* v. *Cooper,* 305 id. 355.) There is evidence showing Mrs. Enos made numerous statements that she had given everything to Mrs. Smith and sometimes referred to the deeds as "Ruth's deeds."

This case is somewhat similar to the case of *Sears* v. *Vaughan,* 230 Ill. 572, and other cases cited.

Elaborate briefs have been filed by counsel on both sides. Every phase of the law on fiduciary relation has been cited and the most possible made out of the evidence to sustain or refute the existence of that relation between

Mrs. Enos and Mrs. Smith. From an examination of the evidence and of the authorities we are satisfied that the proof fails to sustain the allegations of the bill as to there being a fiduciary relation between the parties and that Mrs. Smith was of dominating influence.

It is contended by appellants that the deeds to Mrs. Smith were testamentary in character and therefore void, because they were not intended to operate immediately upon delivery but intended to take effect on the death of the grantor. It is also contended that the deeds were not delivered. The further contention is made that the deeds and the personal property were given to Mrs. Smith with the agreement that she was to care for Mrs. Enos, and that Mrs. Smith did not perform the contract. Mrs. Enos and Mrs. Smith lived together in the same house for about two and a half years after the deeds were executed, and neither of them, so far as the proof shows, ever showed or expressed any dissatisfaction with whatever arrangements they had made and Mrs. Enos never repudiated such an agreement if they had one. The deeds were in the hands of the grantee after the grantor's death, and that presumes they were delivered. (*Brock* v. *Stines,* 258 Ill. 346.) Before the death of Mrs. Enos the deeds were kept in a box in her house which was accessible to both her and Mrs. Smith. In *Roche* v. *Roche, supra,* where a father, who was the grantor, retained possession of part of the land after the deed was made and paid taxes on the entire tract and renewed or made mortgages, the court said it is not necessarily controlling, if the deed from the father to the grantee was delivered before that, that the grantor retained possession of the land. In *Fitzgerald* v. *Allen,* 240 Ill. 80, the court held if there was any informality in the original transaction it was cured by ratification of the grantor and grantee during the two and a half years between the giving of the deed and the death of the grantor. It is to be remembered that none of appellants are lineal descendants of

Mrs. Enos. It seems to have been her desire and intention that her foster-daughter should have her property, and we find no reason in the record why we should hold that this intention was not properly executed by Mrs. Enos.

The decree will therefore be affirmed.

*Decree affirmed.*