[Civil No. 4728. Filed July 9, 1945.]

[161 Pac. (2d) 117.]

ANTONIO AMADO, as Administrator of the Estate of Teresa Amado, Deceased, Appellant, v. CE-CILIA SERVENTI AGUIRRE and YJINIO F. AGUIRRE, Her Husband, Appellees.

Messrs. Conner & Jones, for Appellant.

Mr. John L. Van Buskirk and Mrs. Rose S. Silver, for Appellees.

MORGAN, J.—The plaintiff administrator brought this action to cancel two gift deeds executed and delivered by the decedent to her niece, defendant Cecilia Serventi Aguirre, on the grounds of incompetency and undue influence. Defendants denied the

allegations of the complaint. The cause was tried with the assistance of a jury. In answer to special interrogatories, the jury found that at the time of the execution and delivery of the deeds the decedent was competent, the instruments were executed and delivered freely and voluntarily, and without undue influence, and the motivating consideration was love and affection which the decedent bore for the grantee. The trial court adopted these findings, and further specially found that the property included in the deeds and in a bill of sale from the decedent to her niece constituted all of the decedent's property owned by her at the time of the delivery of the deeds about January 28, 1943, and that after such date she had no property, exclusive of a small savings account of $42.80, and no earning capacity.

Inasmuch as all issuable facts were found against the plaintiff, it would serve no very useful purpose to recite the evidence, or any part of it. For an understanding of the issues raised, it is essential to state only the ultimate facts as proved and found by the trial court. Decedent, Teresa Amado, was the oldest of a large pioneer Tucson family. Her brother is the administrator of her estate. She was a spinster and a woman of dominating characteristics. Her niece Cecilia resided with her from early childhood, the decedent acting in *loco parentis* to her niece, the relationship being that of a devoted mother to a loving and affectionate daughter. Following the marriage of her niece to Yjinio Aguirre in 1939, and at the request of the decedent, the niece and her husband came to live with the aunt in 1940. Two children were born to the union of the Aguirres; both were reared in the aunt's home.

In 1941 Miss Amado executed and placed in escrow a deed to her niece Cecilia for part of her property, to be delivered on her death. In the latter part of 1942 she executed and delivered to her niece a bill

of sale to all of her furniture. On January 27, 1943, she executed and delivered to her niece a deed for the balance of her property. On the following day she secured from the escrow holder the deed executed in 1941, and delivered it to her niece. Both deeds were for a paid consideration of $10 and for love and affection. The attorney who drew the deeds had represented the defendant Aguirre, husband of the grantee, and his father. The aunt, as far back as 1933, had stated that she intended that her niece Cecilia would have her property, and after the delivery of the deeds told others that she had given all of her property to her niece. At the time of the execution of the first deed she was eighty years of age. She died on the 8th day of May, 1943, at the age of approximately eighty-two years. Although rather feeble and apparently suffering from some malady, she attended church and personally purchased groceries until a few weeks before her death.'

The trial court entered judgment for the defendants, and denied motion for new trial, from which this appeal is taken.

On this appeal, plaintiff concedes the competency of the decedent as proved and found by the trial court. His position is that the undisputed facts disclose a confidential relationship between the defendants and the decedent, which raises a presumption of fraud, and casts upon the defendants the burden of proving that the gifts were entirely free of any undue influence on their part, and that defendants wholly failed to sustain such burden.

Plaintiff's assignments and propositions are to the following effect: The donor was an aged person, enfeebled in mind and body; she made an absolute gift of everything she possessed to her niece who occupied a confidential relation towards her; (a) the gift is void under the law, (b) the gift is void since the donor did not have independent, loyal and competent

advice, (c) the gift is void because the donee, who has the burden of proof, failed to prove utmost good faith, lack of undue influence and complete fairness, (d) the court failed to charge the jury as to this burden of proof.

In considering plaintiff's propositions, we are confronted at the outset by the fact that both the court and jury found the donor was competent. In other words, that her mind was not so enfeebled that she did not know and appreciate the effects of her acts. We must also assume from the findings the absence of what may be termed active undue influence on the part of the defendants. The evidence which we have reviewed supports these findings and we are bound to consider the facts so found to be true. *Stewart* v. *Schnepf*, 62 Ariz. 440, 158 Pac. (2d) 529; *Stewart* v. *Damron, ante,* p. 158, 160 Pac. (2d) 321.

Nothwithstanding this, plaintiff argues that the undisputed facts and circumstances, and the inferences to be drawn therefrom, based upon the advanced age and physical infirmities of the donor, the fiduciary or confidential relationship existing between her and the defendants, and the fact that she conveyed all of her property to her niece without any reservation for support or otherwise, leaving her penniless, although without the use of any duress, fraud or undue influence on the part of the donee or other person, present a situation which, in the application of equitable principles, requires the vacation of the gift. It is said that old people need protection not only against designing persons but their own improvident acts, and that where the donor, as here, strips herself of everything she possesses, leaving her dependent upon public or private charity, the facts require the interposition of equity to set aside such a transaction. In support of this view, there is cited *Slack* v. *Rees,* 66 N. J. Eq. 447, 59 Atl. 466, 69 L. R. A. 393; *Coutts* v. *Acworth,* L. R. 8, Eq. Cas. 558. These cases

sustain plaintiff's position. We are asked to establish such a rule in Arizona. It may be that public policy would justify the application of such a rule. Statutes have been adopted in some states which prevent a donor from divesting himself of all his property. However, the whole matter would be something more properly for the legislature.

We are bound to consider this case in the light of the facts and circumstances, and the legal and equitable rules which govern causes of this character. For instance, we may not presume mental weakness or disability from advanced age alone. This court has held ,that sickness and old age do not, of themselves, amount to incapacity to execute a deed. *Pass* v. *Stephens,* 22 Ariz. 461, 198 Pac. 712. It is a matter of common knowledge that many persons of the age of eighty years and upwards are competent to transact business, execute instruments, and dispose of their property. Transactions, deeds, wills and other instruments executed by those of advanced years are generally upheld by courts against attacks on the alleged ground of mental weakness because of the infirmities of age. From age alone no presumption against competency or of undue influence arises. *Leonard* v. *Shane,* 182 Iowa 1134, 166 N. W. 373; *Howard* v. *Howard,* 112 Va. 566, 72 S. E. 133; *Frederick* v. *Hartley,* 202 Ala. 43, 79 So. 381. Furthermore, it seems to be the law that in the absence of a statute to the contrary, a person of adequate mentality has the right to give away part or all of his or her property, as the case may be, if he wishes to do so. 38 C. J. S., Gifts, § 33; *Chandler* v. *Hardgrove,* 124 N. J. Eq. 516, 2 Atl. (2d) 661; *Pringle* v. *Pringle,* 59 Pa. 281; *Wilson* v. *Findley,* 223 Iowa, 1281, 275 N. W. 47. A gift which is consistent with law will not be declared invalid merely because the court regards the donor's act as improvident. 38 C. J. S., Gifts, § 32, and cases *supra.* Even though the gift is considered as unreasonable, if otherwise lawful it may not be set

aside. *Treadwell* v. *Treadwell*, 180 Wash. 68, 38 Pac. (2d) 375.

It is undoubtedly true that where the donee occupies a confidential relation towards the donor, a gift to the former will be scrutinized with care and when challenged will be held valid on clear and convincing evidence. " . . . utmost good faith, and an absence of all undue influence, advantage, or imposition" must be shown. *Starkweather* v. *Conner*, 44 Ariz. 369, 38 Pac. (2d) 311, 314. The difficulty here is that such confidential relation does not appear from the conceded facts. It does not, as a matter of law, spring from the relationship of *loco parentis* existing between the aunt and the niece. A deed or gift from a parent to a child, or from one who, in fact, stands in the relationship of a parent to a donee, does not require absence of fraud and undue influence to sustain it. Under such circumstances, the relationship of parent and child is not a fiduciary relationship within the meaning of the rule applying to gifts or other transactions with a fiduciary. *Bishop* v. *Hilliard*, 227 Ill. 382, 81 N. E. 403; *White* v. *Smith*, 338 Ill. 23, 169 N. E. 817; *Lee* v. *Lee*, 258 Mo. 599, 167 S. W. 1030; *Sullivan* v. *Clear*, 101 Conn. 603, 127 Atl. 14; *Couchman's Adm'r* v. *Couchman*, 98 Ky. 109, 32 S. W. 283. This is also the effect of the decision of this court in Pass v. Stephens, *supra*.

Moreover, to constitute such a confidential or fiduciary relation in cases of gifts from parent to child, brother and sister, aunt or uncle, and niece or nephew, which would authorize a presumption of undue influence and change the burden of proof, there must be proof of circumstances indicating actual dominance of the donee over the donor. 68 C. J. 762, sec. 451, Wills; *Wessell* v. *Rathjohn*, 89 N. C. 377, 45 Am. Rep. 696; *Cook* v. *Higgins*, 290 Mo. 402, 235 S. W. 807; Lee v. Lee, *supra; Turner* v. *Gumbert*, 19 Idaho, 339, 114 Pac. 33; *Stanfield* v. *Hennegar*, 259 Mo. 41, 167 S. W. 1036; *Mallow* v. *Walker*, 115 Iowa

238, 88 N. W. 452, 91 Am. St. Rep. 158; *Slayback* v. *Witt,* 151 Ind. 376, 50 N. E. 389; *Rowe* v. *Freeman,* 89 Or. 428, 172 Pac. 508, 174 Pac. 727; *Sawyer* v. *White,* 8 Cir., 122 Fed. 223.

From what has been said, and in view of the law generally on the subject, we cannot say that the gift deeds under the circumstances existing in this case are void. The donor knew what she was doing. She was actuated by love and affection. She, not the niece, was the dominating character. She wanted all of her property to be vested in the niece who had been, from the evidence, a daughter to her. She had this right. The New Jersey and English cases cited have been followed to the extent only of requiring that a gift, under the circumstances alleged to be existing here, will not be sustained unless the donor had competent and independent advice. This will be discussed under plaintiff's second proposition.

There are numerous decisions on the question of independent advice necessary to sustain a gift whenever a relationship of trust and confidence exists between the donor and the donee. It must be borne in mind, however, that the rule is applied only where the donee is the dominant person in the relationship. New Jersey and Tennessee hold that the gift will not be sustained whenever there is a relationship of trust and confidence unless the donor had competent and independent advice. This also appears to be the English and Canadian rule. However, in the greater number of the states the rule is that independent advice is not essential to the validity of the gift, although a fiduciary relationship exists between the donor and the donee, but the absence of such advice is a circumstance to be considered in determining whether the gift should be avoided because of undue influence or fraud. *Brown* v. *Canadian Industrial Alcohol Co.,* 209 Cal. 596, 289 Pac. 613; *Burnham* v. *Witt,* 217 Cal. 397, 18 Pac. (2d) 949; *Luiz* v. *Queen of Angels Hospital,* 53 Cal. App. (2d) 310, 127 Pac.

(2d) 966; *Farmer* v. *Associated Professors, etc.,* 166 Md. 455, 171 Atl. 361; *Hawkins* v. *Gray,* 128 Ark. 143, 193 S. W. 509; Rowe v. Freeman, *supra; Kidd* v. *Williams,* 132 Ala. 140, 31 So. 458, 56 L. R. A. 879. We think the better reasoning supports the majority holding. Even though a party had independent advice, it might be the worst possible advice, and under such circumstances the rule should not be utilized to support the gift. As stated in the majority cases, it is our view that lack of independent advice is merely an element to be considered. We think, too, that the question raised is rather moot here as the evidence discloses that the decedent was fully advised as to the effect of giving all her property to her niece. She apparently understood the situation, and was satisfied that she would not suffer by the act. The evidence discloses that she remained at the home of the defendants and wanted for nothing during the remainder of her life.

 We think it unnecessary to discuss the third proposition advanced by plaintiff. We have already mentioned the rule that in cases of this character, if the donee is the dominant party in the transaction, the gift is void unless the donee acted in the utmost good faith, and without using any undue influence, advantage or imposition. We cannot say, as a matter of law, from the evidence that the donee in this case was the dominant character. The trial court evidently found otherwise. Both the jury and court found that defendants acted in good faith and used no undue influence or advantage.

 This brings us to the last proposition made, that the burden of proving good faith and complete fairness was on the defendants, and that the court failed to properly instruct the jury as to this. As we have already stated, this is the rule when a fiduciary relationship exists. However, the burden of proving such fiduciary relationship, or in this case dominance, rests on the party attacking the gift. 38

C. J. S. Gifts, § 65; *Klaber* v. *Unity School, etc.*, 330 Mo. 854, 51 S. W. (2d) 30; Chandler v. Hardgrove, *supra; Mastain* v. *Butschy,* 224 Iowa 68, 276 N. W. 79. The court instructed the jury that if it should find by a preponderance of the evidence that a fiduciary or confidential relationship existed on January 27 and 28, 1943, then ''the burden is on the defendants to show that they exercised the utmost good faith.'' This, we think, was sufficient. Furthermore, mere family relationship does not raise such a suspicion of fraud or undue influence as will place the burden of proof upon the donee. *Burton* v. *Burton,* 100 Colo. 567, 69 Pac. (2d) 307; *Kennedy* v. *McCann,* 101 Md. 643, 61 Atl. 625; 38 C. J. S. Gifts, § 65; 46 C. J. 1322, sec. 152, Parent and Child. In considering the validity of a gift between a parent and child, an aunt or niece, etc., the burden of proof is not upon the donee in the absence of circumstances showing a relationship of trust and confidence, such as that the donee managed or handled the business of the donor, or was the adviser, etc. These elements were not shown here. If the donor is competent and it is obvious that the only inducement is love and affection, and the circumstances are not such that an inference of undue influence may be made, the burden of proof does not shift.

 Even if the instruction complained of was not correct, the plaintiff cannot complain. The rule established in this jurisdiction follows the great weight of authority to the effect that since the jury's verdict in an equity case is advisory only, error in instructions is not prejudicial. Here the trial judge adopted the answers of the jury and they became the decision of the trial court itself. *Wilson* v. *Coerver,* 35 Ariz. 488, 279 Pac. 253.

The judgment is affirmed.

STANFORD, C. J., and LaPRADE, J., concur.