461 P.2d 691

Kenneth D. YOUNG; Dave MacMurtrie and Elia P. MacMurtrie, husband and wife; R. J. McKenzie and Evangeline McKenzie, husband and wife; and Paulyne Freshse, a widow, Appellants,

v.

Faye LUJAN, as administratrix of the Estate of Fannie A. Young, deceased; Lois Thelma Herring; Gracie Jo Smith; and Rosebud Pierson, Appellees.

No. 2 CA–CIV 630.

Court of Appeals of Arizona.

Division 2.

Dec. 2, 1969.

Lesher, Scruggs, Rucker, Kimble & Lindamood and Dowdall, Harris, Hull & Terry, by Richard C. Harris, Tucson, for appellants.

Alvarez & Richey, by Ramon R. Alvarez, Douglas, for appellees.

KRUCKER, Chief Judge.

Plaintiffs, Faye Lujan as administratrix of the estate of Fannie A. Young, and three heirs of Fannie Young, sued defendants, Kenneth Young, et al, to "quiet title" to land held by defendants, praying for transfer of title, a constructive trust, and/or damages. The trial court granted defendants MacMurtries' motion for summary judgment, which was reversed by the Arizona Supreme Court. Lujan v. MacMurtrie, 94 Ariz. 273, 383 P.2d 187 (1963). All parties, including Paulyne Freshse, an intervening defendant, thereafter proceeded to trial and judgment was entered quieting title in plaintiffs, restoring to defendants MacMurtries the purchase price of the land, and awarding $1,000 damages to plaintiffs against Kenneth Young. Defendants appeal the judgment.

Mrs. Fannie Young, as heir of her husband in 1933, took title to the land in question which included two parcels. In 1949, at the age of 82, she deeded the property to her son, Kenneth Young. Mrs. Young died in 1957. Immediately following her death, Kenneth Young sold the realty to Mr. and Mrs. MacMurtrie for $3,500, of which $1,000 has been paid, the remaining $2,500 being on deposit with the Cochise County Superior Court clerk awaiting disposition of this appeal. In 1961 the MacMurtries mortgaged parcel No. 2 to Frank Brickly, whose successor in interest, Paulyne Freshse, is the intervening defendant herein. Mr. and Mrs. MacMurtrie, in 1962, conveyed the mortgaged property, parcel No. 2, to the McKenzies. At the time of the original action in 1959, the land was apparently worth $38,000.

The trial court found that Mrs. Fannie Young had been *non compos mentis* at the time the deed to her son was executed in 1949 and voided it, quieting title in the plaintiff-administratrix. It also restored the MacMurtries to the status quo by returning to them the $2,500 on deposit with the clerk and the $1,000, with interest, tendered them through the clerk by plaintiffs. Lastly, the trial court awarded plaintiffs $1,000 damages against Kenneth Young, the amount he had in fact received from the MacMurtries and which plaintiffs has tendered to them. None of the defendants was found to be a bona fide purchaser.

Defendants' appeal of the judgment makes three allegations of error:

(1) The trial court erred in finding Fannie Young *non compos mentis* in 1949.

(2) The trial court erred in voiding the deed because no constructive trust can be imposed unless Kenneth Young is restored to status quo and defendants Freshse and MacKenzie had clear title.

(3) The trial court erred in imposing a constructive trust because to do so perpetuates a fraud on the State of Arizona because Mrs. Young sought to obtain old age assistance by selling the land to her son and consuming the proceeds for her support.

## DID THE TRIAL COURT ERR IN FINDING MRS. YOUNG *NON COMPOS MENTIS?*

In cases such as we have here, determination of competency depends upon whether or not the decedent could understand and appreciate the nature of the conveyance he or she executed. Pass v. Stephens, 22 Ariz. 461, 198 P. 712 (1921); Amado v. Aguirre, 63 Ariz. 213, 161 P.2d 117, 160 A.L.R. 1126 (1945). Facts pertaining to mere old age and sickness do not amount to incapacity. *Amado, supra.* And facts of eccentricity or senility alone do not amount to incompetency. *Pass,* supra. Most fundamentally, the court must look to the circumstances of the deed execution and if, as in both *Amado* and *Pass,* the deceased appeared fully cognizant at that time, other general evidence of odd conduct at that stage in life, will not prove incompetency.

We believe that the evidence in this case is supportive of the trial court's finding of incompetency and that it differs substantially from the factual posture of *Amado* and *Pass.* In *Pass,* the scrivener who prepared the deed testified that the decedent gave careful instructions about the deed and when questioned by him, her mind appeared clear. The attending physician agreed. In *Amado,* the decedent executed two deeds a year apart giving her niece all her property. Testimony showed that the niece had lived with her as a daughter, that she had always intended her to have the property, and that she told others about the conveyance.

In the instant case there was extensive testimony as to Mrs. Young's long-standing "senile" behavior. She could not care for herself either as to food or clothing, nor could she comprehend her environment so as to behave within it normally. The court enumerated her eccentricities in detail in its findings of fact. Ultimately, however, the court could have rested its determination on the testimony of her grantee-son, Kenneth Young, that at the time the deed was signed, Mrs. Young was told only that her signing would restore her old age

assistance; that she paid no attention to the instrument but talked with the lawyer's secretary; that Mrs. Young had to be repeatedly told where to sign; that she never read the document; and that she was not informed that she was relinquishing ownership of the land. We believe we must affirm the trial court's determination that Mrs. Young was incompetent to execute the deed in question as supported by the eye witness testimony and the complete lack of testimony to the contrary. We defer to the trial court's evaluation of witness' credibility.

The second and third allegations of error deal with the trial court's finding of a "constructive trust." We believe these allegations can be disposed of together.

To begin, we note that the arguments in the briefs continually overlap their discussion of the words "constructive trust" with deed avoidance. The remedy of constructive trust is an old equitable solution for legally fixed relationships which are unfairly perpetuated because some fraud has incurred in their inception. As we have pointed out in two recent cases, Pumphrey v. Dynek, 10 Ariz.App. 241, 457 P.2d 954 (1969); and Brown v. Walls, 10 Ariz.App. 168, 457 P.2d 355 (1969); the Arizona courts will impose a constructive trust when property is acquired under inequitable circumstances resulting in the unjust enrichment of one at the expense of another.

We acknowledge that "the law presumes fraud on the part of one who contracts with a person so insane as to be wholly incompetent," 41 Am.Jur.2d Incompetent Persons § 95, and that theoretically a constructive trust could be imposed over the property in the instant case. However, the more appropriate remedy given the incompetent grantor is full avoidance of the deed. In Arizona it is well established that the deed of an incompetent is voidable at the instance of the heirs and executors of the incompetent subject to the qualification that one seeking equity must also do equity. Sparrowhawk v. Erwin, 30 Ariz. 238, 246 P. 541, 46

**50**

A.L.R. 413 (1926). In voiding a deed, however, all parties must be returned to their original position. Thus the contract of an incompetent is voidable, and if the status quo ante can be restored, recission can be decried upon the mere showing of incompetence. If, however, status quo cannot be restored and the grantee of the incompetent is a bona fide purchaser, recission will be denied, despite the incompetency. Faber v. Sweet Style Mfg. Corp., 40 Misc.2d 212, 242 N.Y.S.2d 763 (1963).

 In the instant case there is posed the question of whether these rules apply to subsequent purchasers or only to the incompetent's original grantee. The Supreme Court of Arizona was asked this question on the appeal from the granting of summary judgment, but refrained from answering it. Our reading of the relatively sparse authority on this subject leads us to believe that as long as there are no bona fide purchasers in the chain of grantees, and the question of laches has not been raised by the evidence, the avoidance of an incompetent's deed is always possible. 41 Am.Jur.2d Incompetent Persons § 84.

Here, the court found Mrs. Young incompetent and that none of the purchasers were bona fide purchasers. It then voided the deed. We believe the court was correct.

Defendants complain that Kenneth Young was not returned to the status quo. We point out that Mr. Young incurred no out-of-pocket expenses as a consequence of the conveyance. He did continue to support his mother as always, but, as he testified, any expenses so incurred were not related to his obtaining title to the land. 41 Am.Jur.2d Incompetent Persons § 91.

Defendants also claim that to allow this avoidance, the State is defrauded as to the old age assistance benefits. Mac-Rae v. MacRae, 37 Ariz. 307, 294 P. 280 (1930) does hold that in order to impose a constructive trust, one must come into court with clean hands. We believe such a de-

fense is inappropriate in an action to avoid a deed due to incompetency. An incompetent, by definition, has no appreciation of his or her own conduct. Therefore, parties representing the incompetent can hardly be foreclosed from relief because of the incompetent's fraud.

Judgment affirmed.

HATHAWAY and HOWARD, JJ., concur.