72 P.3d 1284

**AMERICAN PEPPER SUPPLY COMPANY, Plaintiff–Appellant, Cross–Appellee,**

v.

**FEDERAL INSURANCE COMPANY, Defendant–Appellee, Cross–Appellant.**

**No. 1 CA–CV 00–0549.**

Court of Appeals of Arizona, Division 1, Department D.

July 24, 2003.

**466**

Herman, Goldstein & Forsyth, P.C., By Keith B. Forsyth, and Paul G. Ulrich, P.C., By Paul G. Ulrich, Phoenix, Attorneys for Plaintiff–Appellant/Cross–Appellee.

Sanders & Parks, By Robert J. Bruno, and Mark R. Gilling, Phoenix, Attorneys for Defendant–Appellee/Cross–Appellant.

## OPINION

TIMMER, Judge.

¶ 1 In this opinion, we resolve an issue of first impression in Arizona: Must an insurer defending a breach of contract claim, asserted for the insurer's refusal to pay a claim, prove the policy defense of concealment or misrepresentation by clear and convincing evidence or by a preponderance of evidence? For the reasons that follow, we hold that an insurer must prove this defense by clear and convincing evidence.

## BACKGROUND

¶ 2 On Friday morning, August 23, 1996, Marvin Lory, general manager and sole shareholder of American Pepper Supply Company, instructed employees to empty a freezer and room that were being used to store old equipment. Lory told the employees to place any unusable equipment into two roll-off bins supplied by National Metals, which intended to purchase the equipment for scrap metal value, and move any useful or valuable equipment to a warehouse for storage. The workers began to clear the freezer and room that morning, but quit mid-afternoon, leaving equipment outside the building in either a bin or on the ground.

¶ 3 On the following Monday, employees discovered that someone had stolen the equipment left outside the building. American Pepper subsequently submitted a notice of claim and proof of loss to Federal Insurance Company seeking payment for the loss.

¶ 4 Almost immediately, Federal became suspicious of American Pepper's claim. Federal therefore conducted an extensive investigation, which culminated in a determination that American Pepper had actually sold the old equipment for scrap value and then reported it as stolen. Consequently, in No-

vember 1997, Federal denied American Pepper's claim based on the policy's "dishonesty" exclusion [1] and "concealment or misrepresentation" provision.[2]

¶ 5 In March 1998, American Pepper sued Federal for breach of the insurance contract and bad faith, seeking compensatory and punitive damages. The trial court granted Federal partial summary judgment on the bad faith claim and the request for punitive damages. The court allowed American Pepper to proceed with its breach of contract claim.

¶ 6 At trial, Federal defended the lawsuit by arguing that American Pepper had not suffered a compensable loss because it had actually sold the "stolen" equipment for salvage. Additionally, Federal contended that American Pepper's representatives had concealed material facts or had made material misrepresentations to Federal about the circumstances surrounding the theft and the value of the equipment, which voided coverage pursuant to the "concealment or misrepresentation" provision.

¶ 7 Federal asked the court to instruct the jury on the concealment or misrepresentation defense by employing the precise language from the policy and then telling the jury that Federal bore the burden of proving that defense by a preponderance of the evidence. The court, over Federal's objection, instructed the jury on the defense, in pertinent part, as follows:

> Defendant, Federal Insurance Company, claims that it does not have an obligation to pay plaintiff, American Pepper's, claim because of the following provision in the insurance contract.

1. The dishonesty exclusion provides, in pertinent part, as follows:
   This insurance does not apply to loss or damage caused by or resulting from fraudulent, dishonest, or criminal acts or omissions committed alone or in collusion with others by you, your partners, directors, trustees, and employees, or by anyone authorized to act for you, or anyone to whom you have entrusted covered property for any purpose.

2. The concealment or misrepresentation provision states as follows: "This insurance is void if you or any other insured intentionally conceals

"Concealment or misrepresentation. The insurance is void if you or any other insured intentionally conceals or misrepresents any material fact or circumstances relating to this insurance at any time." On this claim defendant, Federal Insurance Company, bears the burden of proving each of the following elements by clear and convincing evidence.

A, that a false representation of fact was made or that a material fact was concealed;

B, by a person with authority to make statements on behalf of American Pepper;

C, the speaker knew at the time the statement was made that it was false or that the information not being disclosed would be material;

D, the misrepresented or omitted fact was material, that is it would have made a difference to whether the claim was paid or how much.

¶ 8 The jury found in favor of American Pepper and awarded $15,000 in damages. After the court denied post-trial motions and entered final judgment, American Pepper appealed and Federal filed a cross-appeal.[3]

## DISCUSSION

¶ 9 Federal argues the trial court erred by (1) instructing the jury that Federal bore the burden of proving its policy defense by clear and convincing evidence, (2) instructing the jury on elements of common law fraud, and alternatively, (3) failing to properly instruct on common law fraud. We will reverse if the given instruction was erroneous and prejudiced Federal's substantial rights. *Gemstar Ltd. v. Ernst & Young*, 185 Ariz. 493, 504, 917 P.2d 222, 233 (1996).

or misrepresents any material fact or circumstance relating to this insurance at any time."

3. By separate unpublished decision filed this date, we address the issues raised by American Pepper's appeal and an additional issue raised by Federal's cross-appeal. Those issues are not relevant to our analysis in this opinion and do not meet the standards of publication set forth in Arizona Rule of Civil Appellate Procedure 28(b). *Fenn v. Fenn*, 174 Ariz. 84, 85, 847 P.2d 129, 130 (App.1993).

**468**

### 1. Standard of proof

■ ¶ 10 The parties agree that Federal bore the burden of proving the concealment or misrepresentation defense. *See Hartford Accident & Indem. Co. v. Villasenor,* 21 Ariz. App. 206, 209, 517 P.2d 1099, 1102 (1974) (citation omitted) (holding insurer that denies coverage has burden of showing applicability of policy exclusion). However, Federal argues it was obligated to prove this defense by a preponderance of the evidence, while American Pepper maintains Federal had to prove the defense by clear and convincing evidence.

¶ 11 Federal relies primarily on this court's decision in *Godwin v. Farmers Ins. Co. of America,* 129 Ariz. 416, 418, 631 P.2d 571, 573 (App.1981), to support its position. In that case, an insured filed a breach of contract action against his fire insurer for denying a claim. *Id.* At trial, the insurer asserted the affirmative defense of arson to void its obligations under the policy. *Id.* The trial court refused the insured's request to instruct the jury that the insurer bore the burden of proving the arson defense by clear and convincing evidence. *Id.* The jury found in favor of the insurer, and the insured appealed, arguing in part that the court had erred by refusing to instruct the jury as requested by the insured. *Id.*

¶ 12 On appeal, the insured argued that arson committed to collect insurance is a "specie of fraud" and, as such, must be proven by clear and convincing evidence. *Id.* at 419, 631 P.2d at 574. This court initially recognized that although the burden of proof in civil cases is generally satisfied by a preponderance of evidence, fraud must be proven by clear and convincing evidence. *Id.* at 418–19, 631 P.2d at 573–74. However, the court rejected the insured's argument, electing to follow the majority of other jurisdictions, that had held that the arson defense must be shown by a preponderance of evidence. *Id.* at 419, 631 P.2d at 574. The court discarded the minority view that arson must be proved by clear and convincing evidence because that view was grounded, in part, on an assumption that proving a criminal act requires more than a preponderance of evidence. *Id.* (citations omitted). Because our supreme court had impliedly rejected this notion, *see Brown v. Jerrild,* 29 Ariz. 121, 239 P. 795 (1925), the *Godwin* court was not persuaded to deviate from the majority position. 129 Ariz. at 419, 631 P.2d at 574. Thus, the court held that unless fraud is specifically alleged, the burden of proving the arson defense is satisfied by a preponderance of evidence. *Id.*

¶ 13 Federal argues that because "nothing could be more 'fraudulent' than arson committed by an insured," which *Godwin* rejected as a specie of fraud, we should similarly reject American Pepper's contention that concealment and misrepresentation are species of fraud and therefore must be proved by clear and convincing evidence. Under Federal's reading of *Godwin,* the clear and convincing standard is only used when an insurer specifically alleges common law fraud as a defense to coverage. Because the concealment or misrepresentation policy provision does not mention fraud, and Federal did not specifically allege fraud as a defense at trial,[4] Federal asserts that the trial court should have instructed the jury using the preponderance of the evidence standard.

■ ¶ 14 Federal's interpretation of *Godwin* is unduly broad. Although the *Godwin* court implicitly determined that arson is not a form of fraud that must be proven by a heightened standard of proof, an issue we need not revisit today, it did not preclude a determination that other policy defenses fall within this category. 129 Ariz. at 419, 631 P.2d at 574. Indeed, Arizona courts have applied the clear and convincing standard of proof to species of fraud comprised of fewer than all nine elements of common law fraud. *See Wells Fargo Bank v. Arizona Laborers,* 201 Ariz. 474, 499, ¶ 98, n. 24, 38 P.3d 12, 36, n. 24 (2002) (citations omitted) (fraudulent

---

**4.** Although Federal also denied American Pepper's claim under the "dishonesty" exclusion, which excludes coverage for losses "caused by or resulting from fraudulent, dishonest, or criminal acts or omissions," Federal did not invoke this policy exclusion at trial, and the court did not instruct the jury on it.

concealment);[5] *Brazee v. Morris*, 68 Ariz. 224, 227–28, 204 P.2d 475, 476–77 (1949) (constructive fraud); *Evans v. Liston*, 116 Ariz. 218, 220, 568 P.2d 1116, 1118 (App.1977) (undue influence). The key consideration is whether the defense is sufficiently similar to fraud to require application of the clear and convincing evidence standard. *See Wells Fargo*, 201 Ariz. at 498, ¶ 98, n. 24, 38 P.3d at 36, n. 24 (holding fraudulent concealment must be shown by clear and convincing evidence because it "is essentially the equivalent of fraud by misrepresentation."). With this principle in mind, we consider whether the concealment or misrepresentation defense is "essentially the equivalent of fraud." *Id.*

¶ 15 We do not discern any meaningful difference between the concealment or misrepresentation policy defense and a fraud defense that justifies use of differing standards of proof. Each defense turns on the insured's purposeful attempt to deceive the insurer in order to receive an undeserved contractual benefit. It is the deceitful nature of such acts and omissions, with the corresponding blow to the actor's reputation, that caused the courts to employ a heightened standard to prove fraud. *See State v. Renforth*, 155 Ariz. 385, 387, 746 P.2d 1315, 1317 (App.1987) (noting clear and convincing standard applied in part to prove fraud because substantial reputational interests at stake). Because an insured's reputation is similarly impacted by proof of the concealment or misrepresentation defense, use of the clear and convincing evidence standard is warranted.

¶ 16 Additionally, the operable distinction in the defenses is that concealment or misrepresentation does not require proof that the insurer was ignorant of the deception and reasonably relied on the deceptive practice to its detriment. *Compare Echols v. Beauty Built Homes, Inc.*, 132 Ariz. 498, 500, 647 P.2d 629, 631 (1982). This difference is insignificant. It logically follows that an insurer that denies a claim based on fraud neither

remained ignorant of the fraud nor detrimentally relied on the fraudulent act or omission because it discovered the deceit before it could incur harm by paying the claim. Thus, the concealment or misrepresentation defense is essentially the equivalent of fraud in the context of defending a denial of an insurance claim.

¶ 17 Finally, application of the preponderance of the evidence standard to the concealment or misrepresentation defense could cause confusion or arbitrary results. For example, if Federal had defended American Pepper's lawsuit based on *both* the dishonesty exclusion and the concealment or misrepresentation provision citing the same evidence, the court would have instructed the jury that Federal bore the burden of proving any fraudulent act or omission under the dishonesty exclusion by clear and convincing evidence but was only required to prove concealment or misrepresentation by a preponderance of the evidence. Further, this potential for confusion was not eliminated but only minimized by Federal's decision to rely solely on the concealment or misrepresentation provision at trial. The insurance policy was introduced as an exhibit at trial, enabling the jury to read the dishonesty exclusion. Moreover, Federal argued to the jury that American Pepper had lied about the theft and that it should not be rewarded for its "fraudulent claim." Thus, if the court had instructed the jury that Federal was required to prove concealment or misrepresentation by a preponderance of evidence, the jury might have applied this lesser standard to find fraud.

¶ 18 In summary, no principled reason exists to justify application of differing standards of proof for the defenses of fraud and concealment or misrepresentation. Therefore, we hold that the concealment or misrepresentation policy defense is a specie of fraud that must be proven by clear and convincing

---

5. To establish common law fraud, a party must prove the following: (1) a representation, (2) its falsity, (3) its materiality, (4) the communicating party's knowledge of its falsity or ignorance of its truth, (5) the communicating party's intent that it be acted upon by the recipient in the manner reasonably contemplated, (6) the hearer's ignorance of its falsity, (7) the hearer's reliance on its truth, (8) the right to rely on it, and (9) his consequent and proximate injury. *Echols v. Beauty Built Homes, Inc.*, 132 Ariz. 498, 500, 647 P.2d 629, 631 (1982) (citation omitted).

470

evidence.[6] The trial court did not err by so instructing the jury.

### 2. Use of common law elements of fraud

■ ¶ 19 Federal next argues that the trial court erred by instructing the jury on elements of common law fraud because recitation of the unambiguous terms of the concealment or misrepresentation provision would have been sufficient. We do not discern error. The court read the concealment or misrepresentation provision in its entirety to the jury. The court then focused the jury on the elements of the defense by stating them separately with some explanation. *See* ¶ 7, *supra.* The court did not add elements to the policy defense. Regardless whether the additional explanation was necessary or required, the instruction was not erroneous, and the trial court did not abuse its discretion by giving it. In light of our determination that the court did not instruct the jury on elements of common law fraud that differ from the policy defense, we need not address Federal's alternative argument that the court erred in stating the elements of common law fraud.

### CONCLUSION

¶ 20 We hold that the trial court correctly instructed the jury that Federal bore the burden of proving its policy defense of concealment or misrepresentation by clear and convincing evidence. Therefore, and for the reasons set forth in our unpublished memorandum decision, we affirm the portion of the judgment entered on the verdict. However, we reverse the court's grant of summary judgment on the bad faith claim and request for punitive damages and remand for further proceedings.

CONCURRING: SHELDON H. WEISBERG, Presiding Judge, and JON W. THOMPSON, Judge.

6. Courts from some jurisdictions similarly apply the clear and convincing evidence standard to the concealment or misrepresentation defense. *See, e.g., Ashline v. Genesee Patrons Coop. Ins. Co.,* 224 A.D.2d 847, 638 N.Y.S.2d 217, 219 (1996). Other courts, however, apply the preponderance of the evidence standard. *See, e.g., Rego v. Connecticut Ins. Placement Facility,* 219 Conn. 339, 593 A.2d 491, 495 (1991). *See also* Lee R. Russ & Thomas F. Segalla, Couch on Insurance §§ 197:6, 254:117 (3d ed.1999) (recognizing split in authority on standard for proving fraud defense).